STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-080

PAF - YOR - 6/14/2000

DAVID W. BALDWIN, et al.,

Plaintiffs

v.

INH. TOWN OF BUXTON, et al.,

Defendants

ORDER
AND
DECISION

DONALD L. GARBRECHT
LAW LIBRARY

JUN 15 2000

The plaintiffs David Baldwin and Debra Baldwin own real estate on Towle Street in Buxton which abuts a non-conforming lot owned by the defendant Pamela Ceklarz. The defendant's non-conforming lot had a building on it in 1976 when Buxton enacted its zoning ordinance. That building was torn down or otherwise destroyed and was replaced in 1978 by a mobile home. A variance may have been granted to allow the mobile home to be placed on the lot. In 1999 the Town issued a building permit, 177E, allowing the existing mobile home to be removed and issued a building permit, 186B, to allow a newer mobile home to be placed on the lot. The Baldwins appealed the granting of these permits. The Buxton Board of Appeals held a hearing, denied the appeal and this appeal to Superior Court followed. At oral argument the plaintiffs indicated that they no longer challenge permit 177E which allowed the removal of the older mobile home.

The Board issued a written decision dated September 27, 1999 relying on Article 4, Section 4.2.E and, Section 9.6 of the Town's Zoning Ordinance and on the doctrines of vested rights and equitable estoppel. While the doctrines of vested

316

rights and equitable estoppel are valid considerations in land use cases, the facts of this case do not support their application to a case where a property owner wants to replace an existing non-conforming use as opposed to where a neighbor is requesting the removal of an existing non-conforming use. There is nothing that the Town did around 1977 or 1978 in allowing the older mobile home to be placed on the lot which would permit the property owner to invoke either doctrine to allow a replacement mobile home to be brought in in 1999. See for example *H.E. Sargent, Inc. v. Town of Wells*, 676 A.2d 920, 4-5 (Me. 1996) regarding equitable estoppel and *Thomas v. Zoning Board of Appeal of the City of Bangor*, 381 A.2d 643, 7-8 (Me. 1978) regarding vested rights. Whether or not building permit 186B should have been issued turns solely on the Buxton ordinance. Article 4 is attached as an exhibit to this order and decision.

Article 4 of the Ordinance is entitled Conformance with Regulations. Section 4.1.A. Requires that "All buildings or structures hereafter erected, reconstructed, altered, enlarged or moved and uses of premises in the Town of Buxton shall be in conformity with the provisions of this Ordinance . . ." Section 4.2.A dealing with Non-Conformance-Purposes allows non-conforming uses to be maintained or repaired but makes no mention of replacement. Changes are permitted when the change produces a less non-conforming use or a conforming use. The section extinguishes non-conforming uses which fall into disuse for at least a year which is consistent with the general policy of the eventual elimination of non-conforming situations.

2

Under section 4.2.C.1 extensions, reconstructions, enlargements and structural alterations are permitted only under limited circumstances and with the prior approval of the Board of Appeals. Regardless of whether the replacement of the mobile home constitutes an extension, reconstruction, enlargement or structural alteration, which is questionable, Board of Appeals approval was neither sought nor received.

Under section 4.2.C.3, entitled Restoration or Replacement, normal upkeep and maintenance is permitted along with repairs, renovations or modernization which do not involve expansion of the non-conforming use or structure. Restoration or reconstructing, which are the closet analogues to replacement of a mobile home, are allowed if the structure is damaged or destroyed by fire or any cause other than the willful act of the owner or his agent. This sub-section clearly does not apply. Therefore, no portion of Article 4.2.C. supports the granting of the building permit number 186B by the Code Enforcement Officer.

The provisions of Section 4.2.E regarding non-conforming structures will be examined next.

While it is not entirely clear from the record whether the new mobile home is slightly larger or the same size as the old one, there does not appear to be a violation of 4.2.E.1 as there is not an addition or enlargement of a non-conforming structure, as much as there is a replacement of one. The placement of a foundation beneath the newer mobile home meets the requirements of 4.2.E.1.

3

Section 4.2.E.2 and 3 have no applicability as they deal with discontinuances and the lack of required parking or loading space. Section 4.2.E.4 governing relocation is also not applicable as it deals with the hypothetical case where the older mobile home was moved to a different location on the lot and not with the actual case where one mobile home was removed and another brought in.

The last sub-section to examine is 4.2.E.5. The first and last sentences of 4.2.E.5 have no applicability since the property is not within the Shoreland Zone or near water. It is unclear whether the town intended the middle sentences to apply to all buildings or just the buildings near the water. The middle two sentences read " . . . In no case shall a structure be reconstructed or replaced so as to increase its non-conformity. Any non-conforming structure which is damaged or destroyed by 50% or less of the market value of the structure excluding normal maintenance and repair may be reconstructed in place with a permit from the Code Enforcement Officer." The first of these two sentences prohibits an increase in non-conformity but is not a source of authority permitting reconstruction or replacement. It is merely a limitation on any reconstruction or replacement which is otherwise permitted. The second of the middle sentences does not apply as there was no damage or destruction other than that remedied by normal maintenance and repair.

In reviewing these sections I cannot find a basis for the Code Enforcement Officer, under the requirements of the Ordinance, to grant building permit 186B. The Board of Appeals was in error in upholding the granting of that permit.

The entry is:

The decision of the Town of Buxton's Code Enforcement Officer to grant building permit 186B is reversed. The permit is vacated.

Dated:  June 14, 2000

*Paul A. Fritzsche*
Paul A. Fritzsche
Justice, Superior Cour

PLAINTIFFS:
FREDERICK D. WILLIAMS, ESQ.
P.O.BOX 756
WINDHAM ME  04062-0756

LAWRENCE R. SAWYER, ESQ.
786 ROOSEVELT TRAIL
WINDHAM ME  04062

DEFENDANTS: TOWNOF BUXTON
ROBERT J. CRAWFORD, ESQ.
BERNSTEIN SHUR SAWYER & NELSON
P O BOX 9729
PORTLAND MAINE  04104-5029

DEFENDANT: PAMELA J. CEKLARZ
RONALD J. GRAFF, ESQ.
STEEVES & GRAFF
PO BOX 1815
STANDISH ME  04084-1815

# ARTICLE 4 - CONFORMANCE WITH REGULATIONS

## 4.1. Conformity.

4.1.A.    All buildings or structures hereinafter erected, reconstructed, altered, enlarged or moved and uses of premises in the Town of Buxton shall be in conformity with the provisions of this Ordinance. No building, structure, land or water area shall be used for any purpose or in any manner except as permitted within the district in which such building, structure, land or water area is located.

4.1.B.    The regulations specified by this Ordinance for each district shall be minimum requirements.

4.1.C.    Land within the limits of a street on which a lot abuts shall not be considered as part of such lot for the purposes of meeting the area or setback requirements of this Ordinance.

## 4.2. Non-Conformance.

4.2.A.    Purposes. The intent of this section is to regulate non-conforming lots, uses and structures. This section intends to be realistic so that: non-conforming vacant lots of record can be reasonably developed; non-conforming existing structures can be properly maintained or repaired; and non-conforming uses can continue or be changed to other less non-conforming uses or to conforming uses. When non-conforming uses fall into disuse, the intent of these regulations is to not allow them to be reestablished after a 12 month period of dormancy. These regulations are designed for the betterment of the community and for the improvement of property values.

4.2.B.    Deleted.

4.2.C.    General.

4.2.C.1. Continuance, Enlargement & Reconstruction. Any use of land, or any building, structure, or parts thereof, legally existing at the time of the adoption of this Ordinance, or at any time a district is changed by amendment hereafter, which does not conform to the requirements of this Ordinance or its amendments may continue but may not be extended, reconstructed, enlarged or structurally altered except as specified below after approval of the proposed change by the Board of Appeals. An expansion of the use shall not exceed 30% of the space in use prior to the first expansion. The Board of Appeals in reviewing an application for an expansion shall determine that the proposed changes are consistent with all applicable standards contained in Section 8.2. and Articles 10 and 11 of this Ordinance. In reviewing the application the Board will follow the appeal procedure contained in Section 6.3. of Article 6. including the provision for a public hearing. The Board may approve an application with such conditions as it finds necessary to ensure compliance with this Ordinance.

321

4.2.C.1.a. Expansions within Shoreland District. Legally existing non-conforming principal and accessory structures that do not meet the water body or wetland setback requirements may only be expanded or altered as follows, as long as all other applicable standards contained in this ordinance are met:

4.2.C.1.a.i. Expansion of any portion of a structure, part of a structure or entire structure within 25 feet of the normal high-water line of a water body or upland edge of a wetland is prohibited, even if the expansion will not increase non-conformity with the water body or wetland setback requirement.

4.2.C.1.a.ii. Expansion of an accessary structure that is located closer to the normal high-water line of a water body or upland edge of a wetland than the principal structure is prohibited, even if the expansion will not increase non-conformity with the water body or wetland setback requirement.

4.2.C.1.a.iii. For structures located less than 75 feet from the normal high-water line of a water body or upland edge of a wetland, the maximum combined total floor area for all structures is 1,000 square feet, and the maximum height of any structure is 20 feet or the height of the existing structure, whichever is greater.

4.2.C.1.a.iv. For structures located less than 100 feet from the normal high-water line of a great pond classified as GPA or a river flowing to a great pond classified as GPA, the maximum combined total floor area for all structures is 1,500 square feet, and the maximum height of any structure is 25 feet or the height of the existing structure, whichever is greater, except that any portion of those structures located less than 75 feet from the normal high-water line or upland edge of a wetland must meet the floor area and height limits of 4.2.C.1.a.iii.

4.2.C.1.a.v. In meeting the foregoing conditions, a basement is not counted towards floor area.

4.2.C.2. Transfer of Ownership. Ownership of lots, structures and uses which remain lawful but become non-conforming by the adoption or amendment of this Ordinance may be transferred and the new owner may continue to use the non-conforming structure, lot or use subject to the provisions of this Ordinance.

4.2.C.3. Restoration or Replacement. This Ordinance allows the normal upkeep and maintenance of non-conforming uses and structures; repairs, renovations or modernization which do not involve expansions of the non-conforming use or structure; and such other changes in a non-conforming use or structure as federal, state or local building and safety codes may require. Except within the Shoreland Zone, any non-conforming use or structure which is hereafter damaged or destroyed by fire or

any cause other than the willful act of the owner or his agent, may be restored or reconstructed within two years of the date of the damage or destruction, provided that:

4.2.C.3.a. such non-conforming structure shall not be enlarged except in conformity with this Ordinance and the Maine State Plumbing Rules and does not exceed the degree of non-conformity existing prior to the damage or destruction; and

4.2.C.3.b. any non-conforming use shall not be expanded in area except in conformance with this Ordinance.

4.2.D.    Non-Conforming Use.

4.2.D.1. Resumption Prohibited:  A building or structure in which a non-conforming use is discontinued for a period exceeding one year or which is superseded by a conforming use shall not thereafter be used in a non-conforming manner even if the owner has not intended to abandon the use.

4.2.D.2. A Structure Non-Conforming as to Use:  A building or structure, non-conforming as to use, shall not be enlarged in any manner or direction unless the non-conforming use is terminated except that a non-conforming single family home in the Business and Commercial District may be expanded provided that the expansion complies with all other regulations of the Zone in which it is located, in addition, State laws must be adhered to.

A non-conforming use of part of a building or structure shall not be extended throughout other parts of the building or structure unless those parts of the building or structure were manifestly arranged or designed for such use prior to the adoption of this Ordinance or of any amendment.

4.2.D.3. Change of Use:  An existing non-conforming use may be changed to another non-conforming use provided that the proposed use is equally or more appropriate to the district than the existing non-conforming use and the impact on the subject and adjacent properties and resources is _less adverse_ than the impact of the former use as determined by the Board of Appeals.  The case shall be heard as an Administrative Appeal.
The  determination  of  appropriateness  shall  include consideration of the probable changes in traffic (volume and type), parking, noise, potential for litter, wastes or by-products, fumes, odors or other nuisances likely to result from such change of use.  When located within the Resource Protection or Shoreland Districts, the Board of Appeals shall require written documentation from the applicant regarding the probable effects on erosion and sedimentation, water quality, fish and wildlife habitat, vegetative cover, visual and actual points of public access to waters, natural beauty, flood plain management and archaeological and historic resources.  The performance standards in Articles 10 and 11 of this Ordinance shall apply to such requests to establish new non-conforming uses.

323

**4.2.D.4)** Use of Land: A non-conforming use of land may not be extended into any part of the remainder of a lot of land except as provided in Section 4.2.C.1. A non-conforming use of land which is incidental to or accessory to a non-conforming use of a building shall be discontinued at the same time the non-conforming use of the building is discontinued. In the case of earth removal operations, the removal of earth may not be extended as a non-conforming use beyond the required set-back lines of the specific parcel upon which such operations were in progress when such use became non-conforming. Adjacent parcels in the same or different owner-ship shall not be eligible for exemption under the non-conforming use provisions unless earth removal operations were in progress on these parcels before these provisions were enacted.

## 4.2.E.  Non-Conforming Structures.

4.2.E.1. Enlargements Controlled: A non-conforming structure shall not be added to or enlarged except as provided in Section 4.2.C.1. unless the addition complies with the regulations of the Zone in which it is located or a Variance is obtained. In addition, state laws must be adhered to. Except within the Shoreland Zone, the addition of an open patio with no structures elevated above ground level or the addition of steps shall not constitute the expansion of a non-conforming structure. But the addition of a deck or the enclosure of an existing porch does constitute the expansion of a non-conforming structure and therefore the deck or enclosure shall meet all the dimensional requirements of this Ordinance. The placing of a foundation below a lawfully existing non-conforming structure shall not constitute the expansion of the structure so long as additional bedrooms are not located in the basement; the structure and new foundation are placed such that the setback requirement is met to the greatest practical extent as determined by the Board of Appeals basing its decision on the criteria specified in paragraph 4 below; the completed foundation does not extend beyond the exterior dimensions of the structure; the foundation does not cause the structure to be elevated by more than three (3) additional feet; and the first floor space of the structure is not increased. Construction or expansion of a foundation under an existing dwelling which expands habitable space shall be considered an expansion and shall be subject to the State Plumbing Laws, (Title 30-A, Maine Revised Statues Annotated, Section 4211) requiring new soils documentation.

4.2.E.2. Discontinuance: Discontinuance of the use of a non-conforming structure shall not constitute abandonment of the structure. Conforming use of the structure may be revived at any time.

4.2.E.3. Lack of Required Parking or Loading Space: A building or structure which is non-conforming as to the requirements for off-street parking and/or loading space shall not be enlarged, added to or altered unless off-street parking and/or loading space is provided to bring parking and/or

324

loading space into conformance with the requirements of this Ordinance for both the addition or alteration and for the original building or structure or a Variance is obtained.

4.2.E.4. Relocation: A non-conforming structure may be relocated within the boundaries of the parcel on which the structure is located provided that the site of relocation conforms to all setback requirements. If the site of relocation does not conform to all setback requirements, the Board of Appeals shall determine if the site meets the setback requirements to the greatest practical extent. In either case the applicant shall demonstrate that the present subsurface sewage disposal system meets the requirements of State of Maine Subsurface Wastewater Disposal Rules or that a new system can be installed in compliance with the law and said Rules. In no case shall a structure be relocated in a manner that causes that structure to be more non-conforming. In determining whether the building relocation meets the setback to the greatest practical extent, the Board of Appeals shall consider the size of the lot, the slope of the land, the potential for soil erosion, the location of other structures on the property and on adjacent properties, the location of the septic system and other on-site soils suitable for septic systems and the type and amount of vegetation to be removed to accomplish this relocation.

4.2.E.5. Reconstruction or Replacement: Within the Shoreland Zone, any non-conforming structure which is located less than the required setback from the normal high-water line of a water body, tributary stream or upland edge of a wetland and which is removed, damaged or destroyed by more than 50% of the market value of the structure before such damage, destruction or removal may be reconstructed or replaced, provided that a permit is obtained within one year of the date of said damage, destruction or removal and provided that such reconstruction or replacement is in compliance with the water setback requirement to the greatest practical extent as determined by the Board of Appeals in accordance with the purposes of this Ordinance. In no case shall a structure be reconstructed or replaced so as to increase its non-conformity. Any non-conforming structure which is damaged or destroyed by 50% or less of the market value of the structure excluding normal maintenance and repair may be reconstructed in place with a permit from the Code Enforcement Officer. In determining whether the building reconstruction or replacement meets the water setbacks to the greatest practical extent, the Board of Appeals shall consider in addition to the criteria in paragraph 4 above, the physical condition and type of foundation present, if any.

4.2.F. Non-Conforming Lots of Record.

4.2.F.1. Vacant Lots: A non-conforming vacant lot may be built upon provided that such lot is in separate ownership and not contiguous with any other vacant lot in the same ownership and that all provisions of this Ordinance, except lot size and frontage, can be met. Variance of yard or other requirements not involving area or width shall be obtained only by action

4-5

of the Board of Appeals.

**4.2.F.2. Built Lots:** A non-conforming lot that was built upon prior to the enactment or subsequent amendments of this Ordinance is subject to the following restrictions. The structure(s) may be repaired, maintained or improved and may be enlarged in conformity with all dimensional requirements of this Ordinance. If the proposed enlargement of the structure(s) cannot meet the dimensional requirements of this Ordinance, a Variance shall be obtained from the Board of Appeals.

**4.2.F.3. Contiguous Built Lots:** If two or more contiguous lots or parcels are in single or joint ownership of record at the time of adoption or amendment of this Ordinance, if all or part of the lots do not meet the dimensional requirements of this Ordinance, **and** if a principal use exists on each lot, the non-conforming lots may be conveyed separately or together providing the State Minimum Lot Size Law and Subsurface Waste Water Disposal Rules are complied with. If two or more principal uses existed on a single lot of record on the effective date of this Ordinance, each may be sold on a separate lot.

**4.2.F.4. Contiguous Lots-Vacant or Partially Built:** Subject to applicable state and local requirements, if two or more contiguous lots or parcels are in single or joint ownership of record and were as of March 8, 1986 and continuously since in the same ownership and if any of those lots do not individually meet the dimensional requirements of this Ordinance, as it may from time to time be amended, such lot or lots if vacant or containing only an accessory structure may be built upon notwithstanding the failure to meet dimensional requirements provided that each buildable lot have an area of at least 20,000 sq. ft. The applicant for a building permit on such a lot shall have the burden of proving to the Code Enforcement Officer that the requirements of this section have been met.

**4.2.G.** Vested Rights. Non-conforming use rights cannot arise by the mere filing a notice of intent to build, an application for building permits or an application for required state permits and approvals. Such rights arise when actual construction has begun or in the case of pending applications, when the review process on a complete application commences. Such construction must be legal at the time it is commenced and the owner must be in possession of and in compliance with all valid issued permits, both state and local.